360 So.2d 1129 (1978)
ARMOR ELEVATOR COMPANY, INC., a Foreign Corporation and Insurance Company of North America, a Foreign Corporation, Appellants,
v.
ELEVATOR SALES & SERVICE, INC., a Florida Corporation and Consolidated Mutual Insurance Company, a New York Corporation, Appellees.
No. 77-1251.
District Court of Appeal of Florida, Third District.
July 18, 1978.
Papy, DuVal, Poole & Usich, Coral Gables, and Robert J. Van Der Wall, Miami, for appellants.
Horton, Perse & Ginsberg and Edward A. Perse, Brumer, Moss, Cohen & Rodgers, Miami, for appellees.
Before PEARSON, HENDRY and KEHOE, JJ.
PER CURIAM.
The controlling question on this appeal is whether there is a right of contribution in favor of the third party tortfeasor against the workmen's compensation employer where the third party is not under a common liability to the injured person and where the employer's liability is limited by the provisions of the Workmen's Compensation Act. See United Gas Pipeline Company v. Gulf Power Company, 334 So.2d 310 (Fla. 1st DCA 1976). We hold in accord with the cited case that there is no right of contribution.
Appellant third party tortfeasor seeks a holding that contribution should be allowed, relying upon Sunspan Engineering & Construction Company v. Spring-Lock Scaffolding Company, 310 So.2d 4 (Fla. 1975); and Trail Builders Supply Company v. Reagan, 235 So.2d 482 (Fla. 1970).
We think that this troublesome question has been laid to rest by the holding of the Supreme Court of Florida in Seaboard Coast Line Railroad Company v. Smith (West Robinson Fruit Co.), 359 So.2d 427 (Fla. 1978), where the Supreme Court said:
"The key words of the contribution act are `common liability' to the employee. Such `common liability' cannot exist where the employer is immunized from liability by the Compensation Act for tort." [Citing with approval the United Gas Pipeline Company case, cited above.]
See also Firestone Tire and Rubber Company v. Thompson Aircraft Tire Corporation, 353 So.2d 137 (Fla. 3d DCA 1977).
Affirmed.