McCORD, Judge.
Appellant appeals from the trial court’s dismissal of her wrongful death complaint with prejudice on the ground that the statute of limitations had run. Appellant, a survivor of a minor decedent who died on February 15, 1977, filed her complaint for wrongful death against appellee School Board of Alachua County and its insurer, appellee Auto Owners Insurance Company, on April 23,1979. Appellees filed a motion to dismiss alleging that appellant had not filed her wrongful death action within the two-year statute of limitations set forth in § 95.11(4)(d), Fla.Stat. Appellant asserted that the four-year limitation set forth in § 768.28, Fla.Stat., was the applicable statute of limitations in this case against Ala-chua County. The trial court granted the motion to dismiss, ruling § 95.11(4)(d) to be the applicable statute. We reverse.
Section 768.28, Fla.Stat., provides the waiver of sovereign immunity which allows appellant to bring suit against the School Board of Alachua County. The unambiguous language of that statute allows wrongful death actions to be brought against the state and its agencies or subdivisions subject to the limitations specified therein. See § 768.28(1). Section 768.28(11) establishes a four-year statute of limitations for *462 such actions. It should further be noted that Chapter 95, Fla.Stat., which provides limitations of actions for various categories of actions and which sets forth a limitation of two years within which an action for wrongful death may be brought [§ 95.-ll(4)(d), Fla.Stat.], provides that if a different time is provided elsewhere in the statutes within which an action may be brought, the action must be brought “within the time prescribed elsewhere.” Section 95.011, Fla.Stat. Considering Chapter 95 in pari materia with § 768, it is obvious that the applicable statute of limitations for the present action is the four-year time period set forth in § 768.28(11), Fla.Stat.
Reversed.
MILLS, C. J., and WENTWORTH, J., concur.