SHAW, Judge.
The employer/carrier appeal a workers’ compensation award of temporary total, temporary partial and permanent partial disability benefits.
In this instance the award .of permanent partial disability benefits based on loss of wage earning capacity is governed by § 440.25(3)(a), Florida Statute (1978), which provides that no claim for diminution of wage earning capacity shall mature until 90 days after the employee has reached maximum medical improvement. The appellants correctly point out that maximum medical improvement was reached on April 25,1980. Hearings were held on April 28 and June 25, 1980. The appellee argues that the order awarding benefits was not entered until July 28, 1980, consequently the claim for wage earning capacity loss was mature at the time of adjudication.
This reasoning misses the point. The obvious purpose of the statute is to allow the claimant a 90-day period after maximum medical improvement in which to test his wage earning capacity. During this testing period it was error for the Deputy to hold hearings on the issue of wage earning capacity diminution. That portion of the order awarding such benefits is reversed. The award of permanent disability compensation should have been restricted to the 15% anatomical disability found by Deputy.
*281 The 90-day period having now elapsed the issue of wage earning capacity diminution is ripe for adjudication. The cause is remanded to the Deputy Commissioner for the taking of such additional evidence on the issue as he deems proper and the entry of an order based upon his findings.
Points 1, 2, 3 and 4 are without merit and the order, as it relates to these points, is accordingly affirmed.
SHIVERS and THOMPSON, JJ., concur.