PER CURIAM.
This case is before us on appeal and cross appeal of an order of the Deputy Commissioner finding that Quintana suffered a compensable injury on April 3, 1976, reached maximum medical improvement from that injury on June 7, 1977, and suffered a second compensable accident on August 31,1978 from which she reached maximum medical improvement on June 24, 1980. The commissioner established the periods of temporary total disability for each accident and the percentage of permanent disability for the first accident. Auto-Owners Insurance Company was the employer’s insurance carrier at the time of the second accident while American States was the employer’s insurance carrier at the time of the first accident. Neither carrier had actual notice of the second accident. American States had paid claims arising from the accident of April 1976 and continued paying the employee’s medical expenses after August 1978 assuming they arose from the initial injury. The commissioner found that Auto-Owners had notice of the second accident as of May 7,1979 and that Auto-Owners should reimburse American States for excess payments made after that date.
Auto-Owners and the employer appeal arguing that the findings were insufficient to conclude that the claimant sustained a com-pensable injury on August 31, 1978, that there was insufficient evidence to support the finding of MMI from the first accident on June 7, 1977, and that the commissioner should have determined the percentage of permanent disability from the second accident. American States cross appeals seeking reimbursement from Auto-Owners for excess payments from August 31,1978. We affirm the points on appeal and reverse on the cross appeal.
The findings and record are clear as to the date and nature of the second accident. There was competent substantial evidence in the record to support the finding of MMI on June 7, 1977 from the first accident. Under Section 440.25(3)(a) Fla. Stat. (1978), since repealed, the claim for permanent disability from the second accident, based upon lost wage earning capacity, was not ripe at the time of the hearing below. Marathon Theatre v. Capps, 396 So.2d 280 (Fla. 1st DCA 1981).
The commissioner found that the employee had properly notified her employer of the second accident. He also found that lack of actual notice prejudiced Auto-Owners due to the inability of the carrier to investigate the accident promptly. Applying Section 440.42(3) F.S. (1978) the commissioner placed the risk on American States until actual notice to Auto-Owners. We find the ruling to be erroneous.
Section 440.41(1) F.S. (1978) provides that “Notice to or knowledge of an employer of the occurrence of the injury shall be notice to or knowledge of the carrier.” The commissioner found that notice to the employer of the second accident was promptly made. Therefore, notice to the carrier, Auto-Owners, is imputed by operation of the statute. See Sam Rogers Enterprises v. Williams, 401 So.2d 1388 (Fla. 1st DCA 1981), opinion filed August 17, 1981. The commissioner should have ordered the reimbursement of American States’ excess payments from August 31, 1978.
*562 AFFIRMED in part, REVERSED in part and REMANDED.
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.