ROBERT P. SMITH, Jr., Chief Judge.
Architect Salley and his associates appeal from an order dismissing their amended cross-claim for contribution under Section 768.31, Fla.Stat. (1979), against Perry, the general contractor for the office building Salley designed. We reverse the order because the cross-claim adequately states a claim for contribution from a joint tort-feasor by alleging that Perry negligently participated in installing defective glass in the building’s windows.
In the principal action below, the assign-ee of the building owner’s rights initially sued both the architect and the contractor for negligent design of the windows and specification of “solarbronze” glass for them. The owner’s assignee, Florida Farm Bureau Federation, alleged that the glass in some of the windows cracked and fell out during the winter because the specified so-larbronze glass could not withstand thermal stresses caused by cold weather and the uneven distribution of sun and shade on the windows caused by partial shading under Salley’s design by vertical fins. After the contractor pointed out that the Farm Bureau complaint did not specifically allege any breach of duty on the contractor’s part, the trial court dismissed the Farm Bureau action against Perry, the contractor. Later, the court dismissed Salley’s amended cross-claim against Perry for contribution.
We think dismissal of the cross-claim was error. Fairly read, the cross-claim alleges that the contractor negligently substituted a type of glass, other than solarbronze, which the contractor or its agents should have known through testing or experience was not comparable to solar-bronze. The cross-claim further alleges that the contractor or its agents were negligent in installing the glass. We agree with the architect that there is a sufficient statement of ultimate facts to withstand a motion to dismiss.
We also reject appellees’ argument that the cross-claim was properly dismissed because there was no showing of common liability by the architect and contractor establishing a right of contribution. The two were engaged in the common enterprise of designing and constructing a single building, with duties to the Farm Bureau that were intertwined in both time and substance. In this respect they can be contrasted to the parties in the cases cited to us by appellees: VTN Consolidated, Inc. v. Coastal Engineering Associates, Inc., 341 So.2d 226 (Fla. 2d DCA 1976), cert. den., 345 So.2d 428 (Fla.1977); and Touche Ross & Co. v. Sun Bank of Riverside, 366 So.2d 465 (Fla. 3d DCA 1979), cert. den., 378 So.2d 350 (Fla.1979).
In VTN, the Second District found no basis for a third-party complaint by a surveyor, being sued by a developer for faulty topographical maps, for contribution from an engineer who used the maps to design road and drainage systems. The surveyor *558 alleged the engineer misused the maps, apparently by failing to note that the survey- or marked them accurate except for areas where the ground was obscured by vegetation. Unlike the surveyor in VTN, whose duty to the developer apparently ended once the surveyor furnished topographical maps, the architect’s duty to Farm Bureau did not end by specifying materials to implement its design. The architect assumed a duty of reasonable care in carrying out its contractual duties to the building owner, specifically including periodic visits to the building site to determine whether the work was proceeding in accord with specifications. The architect also had a full-time project representative at the job site providing construction administration.
Thus at the time the contractor allegedly substituted defective glass for the specified solarbronze, the architect and contractor were engaged in a common effort to erect a building meeting specifications. There is no indication that at the time the VTN engineer designed the street and drainage systems using the surveyor’s maps — some two years after the maps were prepared — the surveyor had any continuing relationship with either the developer or the engineer. In contrast, here it is alleged that in a series of related transactions at the same location, the architect negligently designed the windows, the contractor negligently altered the materials specified for the design or negligently installed the glass, and the architect then negligently failed to inspect the substituted glass and its installation job.
Touche Ross is even farther afield. In that case, a hospital sued its independent accountants, who had a duty to notify the hospital of problems found through audits, for their failure to discover an embezzlement by one of the hospital’s executives. The accountants sought contribution from the hospital’s banks on grounds that they had caused the hospital’s loss by honoring the checks drawn by the executive. The Third District affirmed dismissal of the contribution claim, finding the duties owed the hospital by the accountants and by the banks were totally separate and unrelated. Here, as is readily reflected by the prime contract’s specification of the respective responsibilities of architect and general contractor, the architect’s and contractor’s duties to the building owner were closely related, given the very nature of a construction project.
Accordingly, the order dismissing appellants’ cross-claim is REVERSED.
JOANOS and THOMPSON, JJ., concur.