409 So.2d 78 (1982)
SHOWELL INDUSTRIES, INC., et al., Appellants,
v.
HOLMES COUNTY, a Subdivision of the State of Florida, Appellee.
No. TT-194.
District Court of Appeal of Florida, First District.
January 14, 1982.
*79 Robert Scott Cox of Isler, Brown, Smoak & Watson, Panama City, for appellants.
Gerald Holly, Chipley, for appellee.
PER CURIAM.
Showell Industries, Inc. (Showell) and its insurance carrier appeal the trial court's order dismissing their third party complaint for contribution against Holmes County. We reverse.
This case arose from an intersection collision involving an employee of Showell and a Mrs. Ellenburg on June 8, 1976. Mrs. Ellenburg filed suit against appellants on January 27, 1978, for injuries suffered in the accident. Appellants answered the complaint and filed a third party complaint against Holmes County on August 16, 1979. The third party complaint alleged that Holmes County was negligent in its maintenance of the intersection.
Holmes County filed its motion to dismiss alleging that the third party complaint was barred by Section 768.28(6), Florida Statutes (1975), the statute of limitations for claims against the State or its political subdivisions, since no claim was filed against Holmes County within three years from the date of the accident. The trial court agreed and dismissed the third party complaint.
Section 768.28(6), Florida Statutes (1975), states that no action shall be instituted against the State or one of its political subdivisions unless a claim has been presented and denied within three years from the date the claim accrues. The crucial issue in this case, therefore, is when did Showell's claim, if any, against Holmes County accrue. The trial court held that appellant's cause of action accrued on the date giving rise to the underlying tort claim. A claim for contribution, however, does not accrue until a judgment has been entered against the defendant, third party plaintiff, or until the defendant has paid the claim. See ITT Rayonier, Inc. v. Southeastern Maintenance Co., 620 F.2d 512 (5th Cir.1980).
Prior to one of the above contingencies happening, the defendant, third party plaintiff, has only a possibility of a claim against the third party defendant. We hold therefore that the statute of limitations did not begin running against appellants' claim for contribution until the date a judgment was entered against Showell or until the date Showell paid Mrs. Ellenburg's claim for damages, whichever was earlier. As noted in Keleket X-ray Corp. v. United States, 275 F.2d 167 (D.C. Cir.1960), the fact that the statute of limitations has run against the original plaintiff's action does not bar a suit for contribution since that cause of action does not arise until payment.
Regarding the appropriate statute of limitation for Showell's claim for contribution, we hold that the three-year statutory period allowed in § 768.28(6), Florida Statutes (1975), for claims against the State controls over the one-year statutory period allowed in the Uniform Contribution Among Tortfeasors Act, § 768.31(4)(c), Florida Statutes (1978). See Beard v. Hambrick, 396 So.2d 708 (Fla. 1981), and Dubose v. Auto-Owners Insurance Co., 387 So.2d 461 (Fla. 1st DCA 1980), regarding a conflict between the statute of limitations for claims against the State and the general statute of limitation for wrongful death actions.
*80 Accordingly, the order of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
McCORD, BOOTH and SHIVERS, JJ., concur.