NATIONAL MUTUAL INSURANCE COMPANY, APPELLEE, *v.*
WHITMER ET AL., APPELLANTS.

(No. 81-1604—Decided June 9, 1982.)

150

*Jenks & Myers Co., L.P.A.,* and *Mr. Robert J. Surdyk,* for appellee.

*Messrs. Pickrel, Schaeffer & Ebeling, Mr. William L. Havemann* and *Mr. Gregory F. Singer,* for appellants.

SHANNON, J. The singular question presented by this case is whether a joint tortfeasor, who pays more than his proportionate share of common liability after the effective date of the Ohio Contribution Among Joint Tortfeasors Act as a result of an injury which was suffered prior to the effective date of the Act, may assert a claim to recover the amount which he paid in excess of his proportionate share of common liability.

Appellants contend that R. C. 2307.31 and 2307.32 are legislative enactments affecting substantive rights because they created a right of action between tortfeasors with respect to tortious results caused by them when *in pari delicto,* a right which did not exist in Ohio theretofore. Resultantly, they reason, application of the legislation to an injury which was suffered prior to its effective date is prohibited by Section 28, Article II of the Ohio Constitution.[4] The assumption upon which the argument relies is that the right of contribution arises on the date of the tortious injury.

Appellee responds that a valid cause of action to recover an amount paid by a joint tortfeasor in excess of his proportionate contribution does not accrue until payment of the excess amount, which payment results in the extinguishment of the common liability of all tortfeasors.

The Act, as pertinent to the issue *sub judice,* follows:

R. C. 2307.31(A): "* * * The right of contribution exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability * * *."

R. C. 2307.31(B): "A tortfeasor who enters into settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement * * *."

R. C. 2307.32(C): "If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right of contribution is barred unless he has either discharged by payment the common liability * * * or agreed while action is pending against him to discharge the common liability * * *."

It is clear from the provisions of the Act that the liability for contribution is distinct from the liability for the jointly committed tort. Liability to an injured party arises at the time of the tort. Liability for contribution arises only in favor of a joint tortfeasor and then only when that tortfeasor has paid more than his proportionate share of the common liability. Ohio's

---

[4] Section 28, Article II of the Ohio Constitution provides:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

statutory scheme for contribution does not concern the basic relationship of tortfeasors to one who has suffered injury but establishes the relationship of tortfeasors *inter se* when one of them discharges the common liability.

R. C. 2307.31 and 2307.32 reflect the general rule that the right to contribution is inchoate from the time of the creation of the relationship giving rise to the common burden until the payment by a co-obligor of more than his proportional share, and that the right becomes complete and enforceable only upon a payment by the claimant extinguishing the whole of the common obligation. That is, even though the equity for contribution arises at the time of the creation of the relationship between the parties, the right to sue thereon accrues when a party has paid more than his share of the joint obligation. *Camp* v. *Bostwick* (1870), 20 Ohio St. 337, paragraph five of the syllabus; *Koelsch* v. *Mixer* (1894), 52 Ohio St. 207, 212; *Assets Realization Co.* v. *American Bonding Co. of Baltimore* (1913), 88 Ohio St. 216, 253; *McDougall* v. *Central Natl. Bank of Cleveland* (1952), 157 Ohio St. 45, 53-55. See, generally, 18 Ohio Jurisprudence 3d 363, Contribution, Sections 7 *et seq.;* 18 American Jurisprudence 2d 20-24, Contribution, Sections 9-10; *Augustus* v. *Bean* (1961), 56 Cal. 2d 270, 272, 14 Cal. Rptr. 641, 363 P.2d 873; *Markey* v. *Skog* (1974), 129 N. J. Super. 192, 200, 322 A. 2d 513.

Resultantly, the obligation of the Whitmers to their joint tortfeasor did not arise until Barnett had paid, through National Mutual Insurance Company, an amount to the Butlers in excess of her proportionate share to discharge the common liability. The payment to the Butlers was made after the effective date of the Act.

A statute, in Ohio, is not prohibited constitutionally simply because some of the conditions precedent to liability occurred before its enactment. *State, ex rel. Bishop,* v. *Bd. of Edn.* (1942), 139 Ohio St. 427, 441; *State, ex rel. Bouse,* v. *Cickelli* (1956), 165 Ohio St. 191, 192. A constitutionally prohibited retrospective statute is one which takes away or impairs vested rights, acquired under existing laws, or which creates a new obligation, imposes a new duty, or attaches a new disability in respect to past transactions. *State, ex rel. Michaels,* v.

*Morse* (1956), 165 Ohio St. 599, 604; 17 Ohio Jurisprudence 3d 70, Constitutional Law, Section 554.

Here, the critical determination is the date of the event which occasioned the liability upon which the complaint was predicated. Since that liability was created by legislation which antedated such event, *viz.*, the payment to the Butlers, enforcement of the liability of the Whitmers does not offend the Ohio Constitution. The language of R. C. 2307.31(A) establishes beyond cavil that the right to contribution from a nonpaying joint tortfeasor is prospective only. The juxtaposition of the date of the crucial event and the date upon which the Ohio Contribution Among Tortfeasors Act became effective mandates our conclusion that the award of judgment to National Mutual Insurance Company for the amount it had paid in excess of its insured's proportionate share of common liability did not require any retroactive application of the Act.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. Brown, Acting C. J., Sweeney, Locher, Holmes, C. Brown and Krupansky, JJ., concur.

Shannon, J., of the First Appellate District, sitting for Celebrezze, C. J.