PER CURIAM.
On September 18, 1981, Robert Dean Rose commenced an action against the Department of Transportation (hereafter DOT) by serving a complaint on the department. Also named in the complaint as a defendant was General Portland, Inc. The suit was based upon the alleged negligence of the defendants which resulted in a vehicular accident, injuring Rose.
On October 19, 1981, DOT responded to the complaint by motion for change of venue on the ground that venue did not lie in Dade County for the claim against DOT due to the agency’s common law venue privilege.[1] Before the court ruled on the motion, plaintiff Rose voluntarily dismissed DOT as a party to the action.
On September 10, 1982, DOT received a summons and third-party complaint from General Portland, naming DOT as a third-party defendant in the action and seeking contribution. DOT responded to the third-party complaint by serving a motion to dismiss and/or for change of venue, again claiming its common law venue privilege. On March 3, 1983, a hearing was held on the motion. On March 11, 1983, the court denied the request for change of venue. This appeal followed.
The sole point raised on appeal is whether the trial court erred in denying appellant Department of Transportation’s motion for change of venue. We have carefully considered the appellant’s point in the light of the record, briefs and arguments of counsel and have concluded that the trial court was correct in denying the motion for change of venue from Dade to Leon County.
Section 768.28(1), Florida Statutes (1981), provides, inter alia, that an action may be brought against a state agency in the county where the accident took place.[2] Section 768.28(14), Florida Statutes (1981), provides that section 768.28 shall apply only to causes of action which accrue on or after October 1, 1981. Florida Department of Transportation v. Lopez, 415 So.2d 116 (Fla. 3d DCA 1982). Venue is therefore proper in Dade County, as this action for contribution did not accrue until *278 subsequent to October 1, 1981. It is the date the action accrued against appellant that is controlling in this case, not the date of the incident giving rise to the claims, as is urged by appellant. A claim for contribution does not accrue until a judgment has been entered against the defendant/third-party plaintiff, or until the defendant has discharged the common liability. Showell Industries, Inc. v. Holmes County, 409 So.2d 78 (Fla. 1st DCA 1982); section 768.31, Florida Statutes (1981) (Uniform Contribution Among Tortfeasors Act), and section 768.31(4)(a, d) thereof. Sub judice, it is apparent from the face of the third-party complaint that at the time of its filing in September, 1982, General Portland had neither had judgment entered against it, nor had it yet discharged the common liability. Thus, although General Portland clearly had the right to bring a third-party action for contribution against DOT when it did so, see New Hampshire Insurance Co. v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977); Nationwide Mutual Insurance Co. v. Fonts, 323 So.2d 593 (Fla. 2d DCA 1975); section 768.31(4)(a, d), Florida Statutes, the cause of action for contribution had not yet accrued, for purposes of section 768.28(14), at the time the third-party complaint was filed, which was well after the effective date of section 768.28.
Since section 768.28 applied to General Portland’s third-party action for contribution against DOT, the trial court was correct in ruling that Dade County was a proper venue for this action. The order appealed is, accordingly, affirmed.
Affirmed.

. The privilege allowed the state, its agencies, political subdivisions and public officers to be sued only in the county where they maintained their principal headquarters. Henderson v. Gay, 49 So.2d 325 (Fla.1950); Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948).

. ... Any such action may be brought in the county where the property in litigation is located or, if the affected agency or subdivision has an office in such county for the transaction of its customary business, where the cause of action accrued.