SHIVERS, Judge.
Acme Oil Company and Hill, Richards Inc. (formerly Self Insured Services, Inc.) appeal a final order denying reimbursement of workers’ compensation benefits from State Farm Insurance Company under Section 440.42(3), Florida Statutes (1981). We reverse.
This is' the second appearance of this cause here. The facts in the case below involve compensation benefits paid by Hill, Richards Inc. in the amount of $1,863.28 and medical benefits in the amount of $1,124.44 to the claimant, Thomas Vasatka, for his industrial accident of April 6, 1983. This court held in the prior decision of Acme Oil Company v. Vasatka, 465 So.2d 1314 (Fla. 1st DCA 1985) that Acme Oil was not the claimant’s actual nor statutory employer at the time of the industrial accident of April 6, 1983. We also held that State Farm Insurance Company must reimburse Self Insured Services, Inc. (now Hill, Richards) since State Farm was the carrier responsible for providing compensation and medical benefits on behalf of the claimant. However, the cause was remanded to the deputy commissioner to allow State Farm the opportunity to relieve itself from its responsibility of reimbursement by demonstrating prejudice by lack of notice or knowledge of its potential liability for compensation and medical benefits pursuant to Section 440.42(3), Florida Statutes (1981).
The action for reimbursement is governed by Section 440.42, Florida Statutes (1981), which states:
If the carrier finally determined liable can demonstrate that it has been prejudiced by lack of knowledge or notice of its potential liability, such reimbursement shall be only with respect to payments made after it has knowledge or notice of its potential liability.
A reimbursement hearing was held on September 17, 1985. It was the position of Acme Oil and Hill, Richards that it was entitled to reimbursement for compensation and medical benefits which were mistakenly paid. It was the position of State Farm that it was prejudiced by lack of notice and/or knowledge of its potential liability. By order dated October 21, 1985 the deputy commissioner denied the reimbursement sought by Acme Oil from State Farm based on a finding that State Farm did not have notice of its potential liability until March 15, 1985 when the Acme Oil Company v. Vasatka opinion was decided by this court, and that State Farm was prejudiced by such lack of notice or knowledge of its potential liability.
Based on our review of the record on appeal we find there was no competent, substantial evidence to support the deputy commissioner’s finding that State Farm had been prejudiced by its lack of knowledge and notice of any potential liability. We hold that reimbursement by State Farm to Acme Oil and Hill, Richards is proper based on State Farm’s “imputed” and “actual” notice of its potential liability.
Reversal is required based on State Farm’s “imputed” notice of its potential liability. Pursuant to Section 440.41(1), Florida Statutes (1981) “notice to or knowledge of an employer of the occurrence of the injury shall be notice to or knowledge of the carrier.” Mr. Vasatka’s employer and the manager of Acme Oil, Mr. Brick-ner, knew of the accident of April 6, 1983. Brickner notified his State Farm agent of the accident. See Acme Oil Company v. Vasatka, 465 So.2d at 1316.
In a similar case, this court held that where notice of a compensable accident was promptly made to the employer, notice to the workers’ compensation carrier was imputed by operation of Section 440.41(1), Florida Statutes. Auto-Owners Insurance Company v. American States Insurance Company, 402 So.2d 560, 561 (Fla. 1st DCA 1981). In that case, the imputed knowledge of the carrier had the effect of reversing the deputy’s finding that reimbursement was not proper under Section 440.42(3), Florida Statutes. In this case too, State Farm had imputed notice of the *152 accident prior to September, 1983. Consequently State Farm cannot argue it was prejudiced by lack of notice or knowledge and the deputy’s order must be reversed.
Reversal is also proper based on “actual” notice. The following testimony from the September 17, 1985 hearing on remand establishes that State Farm had “actual” notice'or knowledge of its potential liability as early as September, 1983 and no later than November, 1983. Mr. Edward Harrison, State Farm’s workers’ compensation claims supervisor, testified that he received paper work concerning the Vasatka injury in September 1983. He testified “I immediately turned the claim over to ... or the handling of the situation over to Mr. Ringers (State Farm’s attorney) to handle whatever interest State Farm might have in it while we proceeded to get into the details of what had happened.” He then stated “At the point that I received notification of the situation, our immediate concern was to find out what had happened insofar as the agency situation was concerned ... what had occasioned the delay in advising the company, per se, of what had transpired since the date of the accident and even before that time on the coverage issue. We got into that.” Thus State Farm had actual notice of its potential liability for reimbursement for Vasat-ka’s claim on September, 1983.
Mr. Harrison also testified that he received a claim for reimbursement which had been filed by Acme Oil against State Farm and that they had actual knowledge of a hearing held in the case for reimbursement by Acme Oil against State Farm in November 1983. In addition he stated having actual knowledge that one of the issues at the hearing of November, 1983 was to determine whether Acme Oil was entitled to reimbursement from State Farm. This testimony reflects that State Farm was aware of its potential liability for reimbursement no later than November, 1983.
We conclude that State Farm was not prejudiced by the lack of actual notice of its potential liability because State Farm had both imputed and actual notice. State Farm’s imputed knowledge of the accident and its potential liability requires State Farm to reimburse Hill, Richards under Section 440.42(3), Florida Statutes for the full amount.
REVERSED.
ERVIN and THOMPSON, JJ., concur.