612 So.2d 678 (1993)
HYSTER COMPANY, a Nevada Corporation, Appellant,
v.
Fred DAVID, Jr., as Vice President of David Concrete Products Company, Inc., Appellee.
No. 92-618.
District Court of Appeal of Florida, First District.
January 21, 1993.
*679 Charles C. Howell, III, and Michael S. O'Neal of Foley & Lardner, Jacksonville, for appellant.
Timothy W. Volpe and Amy E. Burch of Smith, Hulsey & Busey, Jacksonville, for appellee.
WEBSTER, Judge.
Hyster Company (Hyster) appeals a final judgment dismissing its action seeking contribution from Fred David, Jr. (David). Dismissal was based upon the trial court's conclusion that, at the time Hyster settled with the injured party, David was immune from liability to either Hyster or the injured party and, therefore, Hyster was not entitled to contribution from David. We affirm.
The relevant facts are not in dispute. In December 1986, Charlie Stephens, an employee of David Concrete Products Company, and his wife sued Hyster for injuries Stephens allegedly sustained in July 1985, when a forklift manufactured by Hyster and left running and unattended by a fellow employee allegedly jumped into gear, striking Stephens. A jury found the forklift to be defective, and awarded the Stephenses $700,000.00. Hyster appealed to this court, which affirmed. Hyster Co. v. Stephens, 560 So.2d 1334 (Fla. 1st DCA 1990). Hyster then sought discretionary review in the supreme court. However, in October 1990, while the petition for review was still pending in the supreme court, Hyster settled with the Stephenses, paying them $750,000.00.
In March 1991, Hyster sued David for contribution. In its amended complaint, Hyster alleged that its was entitled to contribution from David because, "while acting as a fellow employee and Vice President of David Concrete Products Company ..., [David] was guilty of gross negligence which caused or substantially contributed to causing ... Charlie Stephens' injuries." The amended complaint identifies a number of specific instances of what is alleged to have been gross negligence on the part of David.
David filed a motion to dismiss, with prejudice, for failure to state a cause of action. The motion asserted that David was immune from liability to either Stephens or Hyster pursuant to section 440.11(1), Florida Statutes (Supp. 1990), a part of Florida's Workers' Compensation Law which (among other things) immunizes corporate officers from liability to employees and third-party tortfeasors for injuries to employees which result from acts within the course and scope of the corporate officer's managerial and policymaking duties, unless such acts constitute at least first-degree misdemeanors. Hyster responded that the portion of section 440.11(1) upon which David relied had been added effective October 1, 1988. According to Hyster, the amendment said nothing about retroactivity. Moreover, even if the amendment could be read as intended to apply retroactively, it would be unconstitutional if applied *680 to bar Hyster's previously matured right to contribution from David. It is from the trial court's final judgment dismissing with prejudice Hyster's action for contribution that Hyster appeals.
On appeal, Hyster argues that its right to contribution from David "arose at the time of the joint conduct that caused the injury." That "joint conduct" occurred in 1985. The 1988 amendment to section 440.11(1) was not intended by the legislature to have retroactive effect. Therefore, according to Hyster, the 1988 amendment does not bar its right to contribution. However, Hyster argues further that, if the 1988 amendment was intended to have retroactive effect, it is unconstitutional as applied to the facts of this case, because it would deprive Hyster of its previously vested right to contribution from David.
David responds that, pursuant to the contribution statute, a cause of action for contribution does not accrue until the party seeking contribution has paid more than its share of the common liability. According to David, this happened, if at all, in 1990, after the effective date of the 1988 amendment to section 440.11(1). Therefore, the 1988 amendment is being applied prospectively, rather than retroactively, and David is immune from liability to Hyster. We agree with David's analysis.
Subsection (2) of the Uniform Contribution Among Tortfeasors Act reads, in relevant part:
(2) RIGHT TO CONTRIBUTION. 
(a) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability.
§ 768.31(2)(a) & (b), Fla. Stat. (Supp. 1990) (emphasis added). In Florida, no right to contribution from other joint tortfeasors existed under the common law; that right is a creature of statute. E.g., Seaboard Coast Line Railroad Co. v. Smith, 359 So.2d 427 (Fla. 1978); Florida Farm Bureau Casualty Co. v. Batton, 444 So.2d 1128 (Fla. 4th DCA 1984); cf. Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975) (supreme court decided to authorize judicially a right to contribution, but the Uniform Contribution Among Tortfeasors Act was adopted before the decision was handed down). Florida adopted the Uniform Contribution Among Tortfeasors Act in 1975. Ch. 75-108, § 1, Laws of Fla. Prior to that time, there was no right to contribution from other joint tortfeasors in Florida. E.g., Batton, 444 So.2d at 1129; Acevedo v. Acosta, 296 So.2d 526 (Fla. 3d DCA 1974).
It would appear that, in Florida, a cause of action for contribution pursuant to the Uniform Act does not accrue until the tortfeasor seeking contribution "has paid more than his pro rata share of the common liability." See, e.g., Attorneys' Title Insurance Fund, Inc. v. Punta Gorda Isles, Inc., 547 So.2d 1250 (Fla. 2d DCA 1989); Department of Transportation v. General Portland, Inc., 443 So.2d 276 (Fla. 3d DCA 1983); Showell Industries, Inc. v. Holmes County, 409 So.2d 78 (Fla. 1st DCA 1982). This seems to be the case generally among those states which have adopted the Uniform Act. See Albert v. Dietz, 283 F. Supp. 854 (D.Haw. 1968) (applying Hawaiian law); Southern Maryland Oil Co. v. Texas Co., 203 F. Supp. 449 (D.Md. 1962) (applying Maryland law); Nikolous v. Superior Court, 157 Ariz. 256, 756 P.2d 925 (1988); Aetna Casualty & Surety Co. v. Aztec Plumbing Corp., 106 Nev. 474, 796 P.2d 227 (1990); Miraglia v. Miraglia, 106 N.J. Super. 266, 255 A.2d 762 (App.Div. 1969); National Mutual Insurance Co. v. Whitmer, 70 Ohio St.2d 149, 435 N.E.2d 1121 (1982). Until the tortfeasor seeking contribution "has paid more than his pro rata share of the common liability," it is generally held that he or she *681 has nothing more than a contingent or inchoate right to contribution. E.g., Albert v. Dietz, 283 F. Supp. at 857; National Mutual Insurance Co., 435 N.E.2d at 1123.
In relevant part, section 440.11(1), Florida Statutes (Supp. 1990), reads:
The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. .. . The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death.... The same immunity provisions enjoyed by an employer shall also apply to any sole proprietor, partner, corporate officer or director, supervisor, or other person who in the course and scope of his duties acts in a managerial or policymaking capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policymaking duties and was not a violation of a law, whether or not a violation was charged, for which the maximum penalty which may be imposed exceeds 60 days imprisonment as set forth in s. 775.082.

The emphasized portion of the statute is the part added in 1988. Ch. 88-284, § 1, Laws of Fla. Its effect is the subject of the dispute in this case.
In Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987), the supreme court had held that section 440.11(1), as it read prior to the 1988 amendment, did not prohibit civil actions against corporate officers and supervisors for gross negligence resulting in injury or death to an employee. The next year, clearly intending to supersede the Streeter decision, the legislature adopted the language emphasized above. See Suburban Propane v. Estate of Pitcher, 564 So.2d 1118, 1122-23 n. 3 (Fla. 1st DCA 1990) (Ervin, J., concurring in part and dissenting in part). If the 1988 amendment applies to this case, dismissal with prejudice was correct, because Hyster's amended complaint alleges only gross negligence on the part of David. See Seaboard Coast Line Railroad Co. v. Smith, 359 So.2d 427, 429 (Fla. 1978) ("Section 440.11 ... precludes an employer from being designated a person `jointly and severally liable in tort for the same injury to person or property' as used in the contribution act"). However, if the 1988 amendment does not apply, it was error, under Streeter, to dismiss the amended complaint. Therefore, we must determine whether the 1988 amendment applies.
Prior to October 1990, when Hyster paid the Stephenses pursuant to the settlement agreement, Hyster had nothing more than a contingent or inchoate right to contribution from David  it had "only a possibility of a claim" against David. Showell Industries, 409 So.2d at 79. Until it had paid the Stephenses, Hyster had neither suffered any injury nor incurred any damages. Applying the 1988 amendment to section 440.11(1) prospectively, as of October 1990, when the Stephenses were paid and any claim which Hyster might have had for contribution accrued, compels the conclusion that, because of the amendment, there was no "common liability" insofar as David was concerned. See Home Insurance Co. v. Advance Machine Co., 500 So.2d 664 (Fla. 1st DCA 1986) (suggesting that a change in the law, extinguishing common liability, which occurs before payment of the tort claim bars contribution); Orlando Armature Works, Inc. v. Manning, 283 So.2d 109 (Fla. 1st DCA 1973) (indemnity action barred because it did not accrue until after the effective date of section *682 440.11, which precluded such an action). Because there was no "common liability" in October 1990 when Hyster paid the Stephenses and any claim it might have had for contribution could have first accrued, David could not have been liable to Hyster for contribution.
Nor do we believe that such an application of the 1988 amendment to section 440.11(1) denies Hyster due process of law. Until it had paid more than its share of the common liability, Hyster had nothing more than a contingent or inchoate right  a mere expectancy or possibility that it would have a claim. It had no "vested right" to contribution. See, e.g., In re Will of Martell, 457 So.2d 1064, 1067 (Fla. 2d DCA 1984); Division of Workers' Compensation, Bureau of Crimes Compensation v. Brevda, 420 So.2d 887, 891 (Fla. 1st DCA 1982). Our supreme court has held that the Uniform Contribution Among Tortfeasors Act is remedial or procedural, rather than substantive. Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978). Because of this fact, and because the expectancy or possibility that Hyster would have a claim for contribution against David upon payment of more than its share of the common liability was the result of the legislature's adoption of the Uniform Act; the legislature had the power subsequently to alter, abridge or abrogate Hyster's contingent or inchoate right. See, e.g., Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978); Goodfriend v. Druck, 289 So.2d 710 (Fla. 1974); Ryan v. Ryan, 277 So.2d 266 (Fla. 1973); Ross v. Gore, 48 So.2d 412 (Fla. 1950); Hart v. Bostwick, 14 Fla. 162 (1872); Gordon v. State, 585 So.2d 1033 (Fla. 3d DCA 1991); Division of Workers' Compensation, Bureau of Crimes Compensation v. Brevda, 420 So.2d 887 (Fla. 1st DCA 1982). Moreover, even were it otherwise, "[s]ubstantive rights and obligations created by statutes do not vest ... as to particular parties until the accrual of a particular cause of action giving rise to the substantive rights and obligations in a particular instance." L. Ross, Inc. v. R.W. Roberts Construction Co., 466 So.2d 1096, 1098 (Fla. 5th DCA 1985), aff'd, 481 So.2d 484 (Fla. 1986).
We have not overlooked the recent decision in Shova v. Eller, 606 So.2d 400 (Fla. 2d DCA 1992). In Shova, the plaintiff, individually and as personal representative of his deceased wife's estate, sued the chairman of the board, president and regional manager of his late wife's employer, alleging that his wife's death had been the result of gross negligence on the part of those individuals. The trial court held that the 1988 amendment to section 440.11(1) barred the action, and that the amendment was constitutional. On appeal, the plaintiff argued that the 1988 amendment deprived him of his right to access to the courts for redress, in violation of article I, section 21, of the Florida Constitution.
In a 2-1 decision, the Shova majority concluded that, as applied to the plaintiff, by adopting the 1988 amendment to section 440.11(1), the legislature had effectively abolished the plaintiff's pre-existing cause of action for any form of negligence against fellow employees acting in a managerial or policymaking capacity, without providing a reasonable alternative means of redress. Accordingly, the majority held that, as applied to the facts before it, the 1988 amendment was unconstitutional.
In a well-reasoned dissent, Judge Altenbernd argued persuasively that the 1988 amendment to section 440.11(1) was not constitutionally infirm. Id. at 404. He analyzed prior case law, arriving at the conclusion that the plaintiff would have had no right of redress under Florida law prior to the adoption of the Declaration of Rights of the Florida Constitution in 1968. Therefore, there could be no violation of article I, section 21. He concluded, further, that even if the plaintiff would have had a right of redress prior to 1968, the benefits made available by Florida's Workers' Compensation Law afford a reasonable alternative means of redress.
Were we required to do so, we might be inclined to find Judge Altenbernd's dissent more persuasive. However, it is unnecessary for us to choose between the two positions taken in Shova, because this case is clearly distinguishable on its facts. *683 Here, it is clear that, prior to the legislature's adoption of the Uniform Contribution Among Tortfeasors Act in 1975, no right to contribution from other joint tortfeasors existed in Florida. See, e.g., Seaboard Coast Line Railroad Co. v. Smith, 359 So.2d 427 (Fla. 1978); Florida Farm Bureau Casualty Co. v. Batton, 444 So.2d 1128 (Fla. 4th DCA 1984). Because the right to contribution from other joint tortfeasors was unknown at common law, and because the Uniform Act was not adopted until 1975, after the adoption of the Declaration of Rights of the Florida Constitution; article I, section 21, does not require that a reasonable alternative means of redress be provided on the facts of this case. Kluger v. White, 281 So.2d 1 (Fla. 1973).
Based upon the preceding discussion, we conclude that the 1988 amendment to section 440.11(1) bars the action sought to be asserted by Hyster; that that amendment does not deprive Hyster of any vested right; and that, therefore, the trial court correctly entered the final judgment dismissing the action with prejudice, for failure to state a cause of action.
AFFIRMED.
ALLEN and WOLF, JJ., concur.