COLLINS, JULIAN E., Associate Judge.
Appellants seek review of an order of the Judge of Compensation Claims (JCC) which, in part, denied Appellant Gallagher Bassett’s petition for reimbursement from Florida League of Cities (League) as untimely. Because the petition for reimbursement was timely filed, we reverse that ruling. Appellee Estate of Villasenor (Estate) seeks review of a portion of the same order denying and dismissing Vil-lasenor’s petition for benefits alleging a new date of injury. Because Estate cannot now change the date of injury, we affirm that ruling. The facts are as follows.
In the early 1980s, Jorge Villasenor developed lupus as a result of or aggravated by exposure to sunlight in his job as a landscaper for the City of Pembroke Pines (City). During that same time frame, City changed insurers; League insured City until October 1, 1985, when Gallagher Bas-sett became City’s insurer. On Villase-nor’s notice of injury, he listed as the date of injury “December 1985,” and on his subsequent petitions for benefits, he listed as the date of injury December 1, 1985. The JCC sent the parties a ruling letter dated June 8, 1994, then awarded benefits by order entered July 30, 1994; this Court affirmed that order per curiam. See City of Pembroke Pines v. Villasenor, 658 So.2d 995 (Fla. 1st DCA 1995). City and Gallagher Bassett began to pay benefits on December 23, 1996. Thereafter, Villase-nor began to file petitions for benefits on which he had listed as a date of injury October 1,1984.
On July 29, 1998, City and Gallagher Bassett filed a petition for reimbursement from League. The same JCC reviewed the claim and, in her final order, denied Villasenor’s petition for benefits on the ground that the date of injury was at issue but Villasenor could not recover under the new date of injury. She also denied the petition for reimbursement, on the ground that the statute of limitations on petitions for reimbursement precluded recovery, having begun to run when she mailed her 1994 ruling letter. The JCC also found that, had she awarded reimbursement, such reimbursement would only be for payments made after League received notice of its potential liability, that League had no such notice until it received a certain letter in 1998, and that League was not prejudiced by this lack of knowledge.
The JCC erred in denying the petition for reimbursement on statute of limitations grounds because the limitations period does not begin with a ruling letter. It is well established that a contribution claim accrues on the earlier of the date a “judgment [is] entered” against the party seeking contribution or the date that party has paid. See Showell Indus., Inc. v. Holmes County, 409 So.2d 78, 79 (Fla. 1st DCA 1982). And the right to contribution is only inchoate or contingent until the date the party has paid more than its pro rata share. See Hyster Co. v. David, 612 So.2d 678 (Fla. 1st DCA 1993). Therefore, in,the instant case, the earliest the contribution claim could have arisen, and the statute of limitations begun to run, was the date the judgment was entered against City and Gallagher Bassett (under Showell Industries) or the date GB had paid more than a certain amount of the claim (under Hyster Company), and not the date of the ruling letter.
The date of the ruling letter was not the date judgment was entered. Entry of judgment is a term of art meaning “formal entry of the judgment on the rolls or records ... which is necessary before *994 bringing an appeal or an action on the judgment,” a “ministerial act performed by the -clerk of court by means of which permanent evidence of judicial act in rendering judgment is made a record of the court.” Black’s Law DictionaRY 531 (6th ed.1991). This definition clearly excludes the ruling letter as entry of judgment. It also destroys the JCC’s analogy of her ruling letter to the “minute book entry”' accepted as beginning the statute of limitations in Employers’ Fire Insurance Company v. Continental Insurance Company, 326 So.2d 177 (Fla.1976). A minute book entry, as described in Employers’ Fire, is an entry of judgment because it was attested to (signed) by the clerk, and stored in the courthouse (given a book and page number by the clerk). Id. at 179. In contrast, the ruling letter was not signed by anyone other than the JCC, and there is no indication that a copy of its contents was stored in the Department of Labor or any other public place. Therefore, the only entry of judgment was the order on compensability entered July 30,1994. .
In this case, the absolute earliest the contribution claim could have arisen was July 30, 1994. The JCC applied the four-year statute of limitations found in section 95.11(3)(f), Florida Statutes. This, rather than the two years mentioned in section 440.19, Florida Statutes, is the correct limitations period because the wording of section 440.19(1) indicates that 'it applies to “employee petitions for benefits” and not to an employer/carrier’s petitions for reimbursement or contribution, and because League’s reliance on Skip’s Shoes and Western Boots v. Green, 578 So.2d 439 (Fla. 1st DCA 1991), is misplaced.
Skip’s Shoes involved Skip’s claim for reimbursement from Inland Materials and ERC. The Skip’s Shoes opinion begins with a description of the order on review, which-stated that “any claim by [the injured employee] against [Inland] was barred by the statute of limitations, and that Skip’s claim for reimbursement from Inland was therefore also time-barred.” Skip’s Shoes, 578 So.2d at 439. This Court wrote, “[w]e reverse on the statute of limitations holding, and therefore do not reach appellants’ argüments on other points.” These sentences make clear that the statute of limitations on which this Court ruled was that applicable to the injured employee, not to the E/C seeking reimbursement. This Court did not have to determine whether it was true that, if an employee’s claim against a potentially liable E/C is barred, the paying of E/C’s claim for reimbursement is also barred; it simply found that the employee’s claim was not barred. Accordingly, the Skip’s Shoes opinion discusses in detail the statute of limitations in section 440.19, the statute applicable to claims made by an injured employee. This Court did not consider what statute of limitations might apply to the E/C seeking reimbursement, only whether the employee was barred from making a claim against that second E/C, as revealed in the opinion’s penultimate sentence: “the limitations period had not run as to [the injured employee] when Skip’s/Traveler’s filed its reimbursement claim in March 1989, and we need not decide the effect on Skip’s claim had the statute run as to [the injured employee].” Id. at 441.
The four-year limitations period applies here, and the earliest it could have begun, as noted above, was July 30,1994, the date the order on compensability by the JCC was entered. Gallagher Bassett’s petition for contribution was filed on July 29, 1998, less than four years from that date and much less than four years from the date of any payment. Accordingly, the petition is not barred by the statute of limitations, and we reverse.
*995 On reversal, the JCC is bound by her findings, supported by competent substantial evidence in the record, that League did not have notice of its potential liability until 1998 but League was not prejudiced by this lack of notice. See Smith v. DRW Realty Servs., 569 So.2d 462, 464 (Fla. 1st DCA 1990); Acme Oil Co. v. State Farm Ins. Co., 496 So.2d 150 (Fla. 1st DCA 1986); Swanigan v. Dobbs House, 442 So.2d 1026, 1027 (Fla. 1st DCA 1983). However, the JCC must reconsider her erroneous conclusion of law that League would be liable only for payments made after it had notice. Section 440.42, Florida Statutes, codifies a right of contribution between carriers “when one of the carriers ... makes payment in discharge” of a liability “and it is finally determined that another carrier is liable for all or part of the obligations or duties with respect to the claim,” but provides an exception: “if the carrier finally determined liable can demonstrate that it has been prejudiced by lack of knowledge or notice of its potential liability, such reimbursement shall be only with respect to payments made after it had knowledge or notice of its potential liability.” § 440.42(3), Fla. Stat. (1997).[1] The JCC’s holding that League did not demonstrate prejudice precludes application of this statutory exception.
We affirm the issue on cross-appeal[2] because the date of injury was established in the 1994 Order and is now law of the case. See Florida Dep’t of Transp. v. Juliano, 801 So.2d 101, 107 (Fla.2001) (ruling that an issue is law of the case only if it was actually considered and decided in a former appeal, or was implicitly addressed or necessarily eonsid-ered by the appellate court’s decision); Ball v. Yates, 158 Fla. 521, 29 So.2d 729, 733 (1947) (same). Because the 1985 date of injury was implicitly and necessarily decided in affirming the finding of com-pensability, it is law of the case.
The 1985 date of injury was not explicitly found in the 1994 order, but was understood by the court to be a premise of the order, listed above the body of the opinion in the style of the document. The date of injury was necessarily determined by the court for two reasons. First, the court was obligated to determine the date of injury in order to apply the correct version of the relevant statutes. Second, in order to find compensability, a court must find evidence of factors constituting the com-pensable nature of the injury. Had Vil-lasenor initially alleged an October 1,1984, date of injury, it is not clear that the JCC would have found the injury compensable because the factors making the injury compensable might have arisen only from sun exposure experienced after October 1984 but before December 1985. A December 1, 1985, date of injury does not preclude the JCC from determining what portion of the compensability arose before City changed carriers on October 1, 1985.
To the extent Estate argues on cross-appeal that there is no competent evidence to support a finding of a December 1,1985, accident date in 1994, Estate cannot now challenge such a 1994 ruling because, by admitting that such a finding was made, Estate admits that it has become law of the case under the reasoning set forth above.
*996 For the above reasons, we REVERSE the JCC’s findings that the petition for reimbursement was untimely filed and that League would only be liable for payments made after it.received notice of its potential liability, and REMAND 'for further proceedings, but AFFIRM the JCC’s finding that Estate cannot change its date of injury.
LEWIS and POLSTON, JJ.; concur.

. This subsection was renumbered as subsection (4) effective January 1, 1999. Ch. 98-174, § 10, at 1551, Laws of Fla.

. Estate filed a second notice of cross-appeal but did not brief the separate issue raised therein and, consequently, has waived it. See, e.g., State v. Town of Sweetwater, 112 So.2d 852, 854 (Fla.1959); State v. Mitchell, 719 So.2d 1245, 1247 (Fla. 1st DCA 1998).