AETNA CASUALTY AND SURETY COMPANY, Appellant, v. AZTEC PLUMBING CORPORATION, ALAN CONRADY, INDUSTRIAL STEEL CORPORATION, LUMBER SALES, INC., PETER RUIZ, dba UNIVERSAL CONCRETE, Respondents.

No. 19235

August 21, 1990                                    796 P.2d 227

*Pearson & Patton,* Las Vegas, for Appellant.

*Rawlings, Olson & Cannon* and *Janice Hodge Jensen,* Reno, for Respondents Aztec and Conrady.

*Vargas & Bartlett* and *Shari Cassin,* Las Vegas, for Respondent Industrial Steel.

*R. Paul Sorenson,* Las Vegas, for Respondent Lumber Sales, Inc.

*Anderson & Huntsman,* Las Vegas, for Respondents Ruiz and Universal Concrete.

## OPINION

*Per Curiam:*

The principal issues in this appeal are whether the district court erred by dismissing appellant's complaints on the alternative grounds that appellant split its cause of action and cannot sue its own insured. For the reasons set forth below, we find the district court did err and therefore reverse and remand.

### FACTS

Home Savings Association (Home) was a Nevada Savings and Loan Association. Home's wholly owned subsidiary, H.S. Service Corporation (H.S.) was a general contractor for the design,

development, and construction of the Forest Lane Apartments in Las Vegas, Nevada. Both Home and H.S. were insured by appellant, Aetna Casualty and Surety Company (Aetna). Except for inspection services, all of the work at the apartments was performed by independent subcontractors, including the above-named respondents. Respondent Conrady supervised respondent Aztec Plumbing Corporation's work during construction.

Eventually, the apartments were sold to Forest Lane Associates (Forest Lane). Because of purported design and construction defects, Forest Lane sued Home and H.S., alleging breach of warranty, breach of contract, negligence, and fraud. On June 26, 1986, a jury verdict was entered against H.S. Aetna subsequently discharged the judgment in full by paying a total of $9,090,000.00 to Forest Lane.

Meanwhile, on February 24, 1983, H.S. filed suit against the architect, engineer, and subcontractors to recover the damages claimed by Forest Lane. Aetna was never joined as a party to this action. The lawsuit was later dismissed with prejudice, except for respondent Industrial Steel, for failure to timely bring the matter to trial.

On November 24, 1987, Aetna filed its own suit against the subcontractors, seeking indemnity and contribution for the money it paid to Forest Lane. The district court, relying on its earlier finding that Aetna was subrogated to the rights of H.S. in the H.S. suit against the subcontractors, concluded that Aetna was barred from relief. The district court found that against respondents Aztec, Industrial Steel, and Lumber Sales, Inc., Aetna had split its cause of action. The district court also found that Aztec, Alan Conrady, Industrial Steel, Lumber Sales, Inc., and Universal Concrete were Aetna's co-insureds and therefore could not be sued because an insurance company cannot sue its own insured.

## DISCUSSION

On appeal, Aetna maintains that the district court erred by concluding that Aetna split its cause of action. Aetna contends that its cause of action against the subcontractors arose when it paid the judgment to Forest Lane.

This contention has merit. A cause of action for indemnity or contribution accrues when payment has been made. Southern Maryland Oil Company v. Texas Company, 203 F.Supp. 449, 452 (D.Md. 1962). Here, Aetna's cause of action was not split because it did not exist until Aetna paid the judgment to Forest

Lane. Thus, the district court erred in finding that Aetna split its cause of action.

Next, Aetna insists that the subcontractors are not co-insured parties under Aetna's policy with Home and H.S. Specifically, Aetna argues that because the subcontractors are not its co-insureds, it should be able to proceed with the lawsuit against the subcontractors.

This argument has merit. The district court's findings of fact will not be set aside unless clearly erroneous. Trident Construction Corp. v. West Electric, 105 Nev. 423, 776 P.2d 1239, 1241 (1989). In addition, the rule that ambiguities in an insurance contract are liberally construed in favor of the insured does not apply in deciding who is an insured. Atlas Assur. Co. v. General Builders, 600 P.2d 850, 853 (N.M.App. 1979). Here, there is no support for the district court's finding that the subcontractors are co-insureds under the Aetna policy. Though Aetna's policy does provide liability coverage to Home and H.S. for work done by the subcontractors, it does not provide that the subcontractors are co-insureds under the policy. Therefore, because the district court's finding is clearly erroneous, it must be set aside.

For the foregoing reasons, we reverse the order of the district court and remand this case for further proceedings consistent with this opinion.

Having considered respondents' remaining contentions, we hereby conclude they lack merit.[1]

---

[1]The Honorable Thomas L. Steffen, Justice, voluntarily recused himself from participation in the decision of this appeal.