JACK SAYLOR, INDIVIDUALLY; AND BOULDER CAB, INC., DBA DELUXE TAXI CAB SERVICE, APPELLANTS, *v.* DR. KAREN ARCOTTA; DR. MUHAMMAD BHATTI; AND DR. NANCY ANNE DONAHOE, RESPONDENTS.

No. 50598

March 4, 2010 225 P.3d 1276

*Hutchison & Steffen, LLC,* and *Michael K. Wall* and *James H. Randall,* Las Vegas, for Appellants.

*Mayor Law Firm* and *Sherman B. Mayor* and *Kim Horner,* Las Vegas, for Respondent Donahoe.

*Horner Law Firm* and *Cheryl D. Horner,* Las Vegas, for Respondent Bhatti.

*Mandelbaum, Schwarz, Ellerton & McBride* and *Robert C. McBride,* Las Vegas, for Respondent Arcotta.

Before PARRAGUIRRE, C.J., DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, PARRAGUIRRE, C.J.:

In this appeal, we clarify the applicable limitations periods for equitable indemnity and contribution claims. In doing so, we conclude that claims for equitable indemnity are subject to the limitations period prescribed by NRS 11.190(2)(c), while claims for contribution are subject to the limitations period prescribed by NRS 17.285. Because no judgment has been entered in the case at hand, and thus the applicable statutes of limitations have not yet begun to run, we reverse the district court's summary judgment as to appellants' third-party complaint for indemnity and contribution.

## FACTS AND PROCEDURAL HISTORY

This appeal arises from a taxicab accident injuring a cab passenger. Two weeks after the accident, the passenger was hospitalized for a heart attack and died during surgery. The passenger's heirs and successors in interest filed suit against, amongst others, appellants Jack Saylor, the taxicab driver, and the cab company, Deluxe Taxi Cab Service. Through discovery, appellants learned that the passenger's death may have been caused by medical negligence and were granted leave to file a third-party complaint against the passenger's treating physicians, respondents Dr. Karen Arcotta, Dr. Muhammad Bhatti, and Dr. Nancy Donahoe, for equitable indemnity and contribution.[1] Respondents moved the district court for summary judgment, arguing that appellants' claims were time-barred by the statute of limitations for medical malpractice actions, NRS 41A.097. The district court agreed that appellants' claims against respondents were time-barred, granted respondents' motion for summary judgment, and dismissed appellants' third-party complaint.[2] The district court ultimately certified

---

[1]While appellants use the term "implied indemnity," our caselaw largely refers to noncontractual indemnity as "equitable indemnity." *See Medallion Dev. v. Converse Consultants*, 113 Nev. 27, 33, 930 P.2d 115, 119 (1997), *superseded by statute on other grounds as stated in Doctors Company v. Vincent*, 120 Nev. 644, 654, 98 P.3d 681, 688 (2004).

[2]Respondents also moved the district court to dismiss the third-party complaint on the grounds that the contribution claim was premature because appellants had not yet paid on any judgment or settlement, and that the indemnity claim was improper because appellants had no legal relation to respon-

its summary judgment as final under NRCP 54(b).[3] This appeal followed.

## DISCUSSION

On appeal, appellants contend that summary judgment was improper because NRS 41A.097(2)'s limitations period does not apply to equitable indemnity and contribution claims. We review this issue de novo. *See State, Div. of Insurance v. State Farm*, 116 Nev. 290, 293, 995 P.2d 482, 484 (2000) (reviewing questions of law de novo); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing a district court's grant of summary judgment de novo).

### Equitable indemnity statute of limitations

Appellants argue that a cause of action for equitable indemnity is separate and distinct from the underlying cause of action and carries its own limitations period. We agree.

Although our caselaw has not addressed the issue, it is generally recognized that equitable indemnity claims are not governed by the limitations period applicable to the underlying tort. *See, e.g.*, *Reggio v. E.T.I.*, 15 So. 3d 951, 955 (La. 2008) ("An action for indemnity is a separate substantive cause of action, arising at a different time, independent of the underlying tort, with its own prescriptive period."); Maurice T. Brunner, Annotation, *What Statute of Limitations Covers Action for Indemnity*, 57 A.L.R.3d 833 § 2(a) (1974) ("The cause of action for indemnity is wholly distinct from the transaction or situation which gave rise to the right to indemnity."). In line with this view, we hold that equitable indemnity claims that arise out of medical malpractice allegations are not subject to NRS 41A.097(2)'s limitations period for medical malpractice claims, but are instead subject to NRS 11.190(2)(c)'s limitations period for actions on implied contracts.

NRS 11.190(2)(c) prescribes the limitations period for actions on implied contracts, providing that "action[s] upon a contract, obligation or liability not founded upon an instrument in writing" must be brought within four years. Because claims for equitable indemnity are based upon a theory of implied contract, we conclude

---

dents. As a result of granting respondents' summary judgment motion, respondents' motion to dismiss was rendered moot. Because we reverse the district court's grant of summary judgment, respondents' motion to dismiss should be entertained on remand.

[3]Judge Stewart Bell entered the order granting summary judgment from which this appeal is taken, and Judge Elissa Cadish entered the order certifying the summary judgment as final pursuant to NRCP 54(b).

that NRS 11.190(2)(c) provides the applicable statute of limitations for equitable indemnity claims. *See Mack Trucks, Inc. v. Bendix-Westinghouse Auto. A.B. Co.*, 372 F.2d 18, 21 (3d Cir. 1966); *see also* 41 Am. Jur. 2d *Indemnity* § 38 (2005) ("A common-law indemnity action is based on a theory of quasi-contract or contract implied in law and is generally held to be governed by the statute of limitations applicable to actions on implied contracts."); *accord* Brunner, *supra*, § 3.

Therefore, because appellants have not suffered any actual loss, and thus the statute of limitations has not yet begun to run, we conclude that the district court erred in dismissing appellants' equitable indemnity claim as time-barred.[4] *See Aetna Casualty & Surety v. Aztec Plumbing*, 106 Nev. 474, 476, 796 P.2d 227, 229 (1990) (the limitations period for equitable indemnity claims does not begin to run until the indemnitee suffers actual loss by paying a settlement or underlying judgment); *accord Rodriguez v. Primadonna Company*, 125 Nev. 578, 589-90, 216 P.3d 793, 801 (2009).

*Contribution statute of limitations*

In Nevada, a claim for contribution is preserved by statute—NRS 17.225—and carries a fixed limitations period under NRS 17.285. Pursuant to NRS 17.285(2), a contribution claim arises "[w]here a judgment has been entered in an action against two or more tortfeasors for the same . . . wrongful death." *See also Aztec Plumbing*, 106 Nev. at 476, 796 P.2d at 229. The contribution claim must be filed "within 1 year after the judgment has become final by lapse of time for appeal or after appellate review." NRS 17.285(3). Thus, once a contribution claim arises, it is subject to a one-year statute of limitations.

Here, because NRS 17.285 specifically sets forth the applicable statute of limitations for contribution claims, and because that statute of limitations period has not yet begun to run in this case, the district court erred in concluding that appellants' contribution claim was time-barred under NRS 41A.097(2)'s medical malpractice statute of limitations.

Based on the above, we conclude that the district court erred in granting summary judgment and dismissing appellants' third-party complaint for equitable indemnity and contribution as time-barred. Accordingly, we reverse the district court's grant of sum-

---

[4]In reaching this conclusion, we do not pass judgment on the validity of appellants' claim for equitable indemnity.

mary judgment and remand for further proceedings consistent with this opinion.

DOUGLAS and PICKERING, JJ., concur.