THOMAS PACK, Individually; and SUN CAB, INC., dba
    NELLIS CAB COMPANY, a Nevada Corporation, Appel-
    lants, *v.* GARY LaTOURETTE, M.D., Individually,
    Respondent.

No. 54537

May 31, 2012                                    277 P.3d 1246

*Rogers, Mastrangelo, Carvalho & Mitchell* and *Charles A.
Michalek* and *Daniel E. Carvalho*, Las Vegas, for Appellants.

*Lemons, Grundy & Eisenberg* and *Robert L. Eisenberg*, Reno,
for Respondent.

Before DOUGLAS, GIBBONS and PARRAGUIRRE, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this appeal, after summarily concluding that the district court erroneously dismissed with prejudice a third-party complaint for equitable indemnity and contribution on statute of limitations grounds, we address three alternative arguments raised in the motion to dismiss. To begin, we discuss whether the claim for equitable indemnity fails as a matter of law based on the lack of any preexisting relationship between the third parties and the third-party plaintiffs' active negligence. Next, we address whether dismissal of a contribution claim is proper if the party seeking contribution has not yet paid toward a judgment. Finally, we consider

whether NRS 41A.071's expert affidavit requirement applies to claims for contribution that are based in medical malpractice.

As for the first argument, because there was no preexisting relationship between the parties in this case, and because the claims against the third-party plaintiffs were based on their active negligence, the equitable indemnity claim lacked merit and was properly dismissed. Second, we conclude that a party need not pay toward a judgment before bringing a claim for contribution. As such, the third-party contribution claim was not properly dismissed on that ground. Finally, we conclude that when a claim for contribution is contingent upon a successful showing of medical malpractice, a claimant must satisfy the expert affidavit requirement of NRS 41A.071. Thus, the third-party plaintiffs' failure to attach an expert affidavit warranted dismissal of their complaint, but such dismissal should have been without prejudice.

We therefore affirm the district court's order granting respondents' motion to dismiss, except to the extent that the third-party complaint was dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

In May 2006, David Zinni, who is not a party to this appeal, was injured in an automobile accident when his car was struck by a taxicab driven by appellant Thomas Pack, who was employed by appellant Sun Cab, Inc., d.b.a. Nellis Cab Company (collectively, Sun Cab). Zinni sought medical treatment for his injures from respondent Dr. Gary LaTourette and subsequently filed a personal-injury action against Sun Cab.

In Zinni's lawsuit against Sun Cab, he did not name LaTourette as a defendant, nor did he include any allegations of medical malpractice. During discovery, however, Sun Cab learned that LaTourette may have aggravated Zinni's injuries by negligently treating him after the accident. Consequently, Sun Cab sought to implead LaTourette and filed a third-party complaint, asserting claims for equitable indemnity and contribution based on LaTourette's alleged medical malpractice.

LaTourette moved to dismiss the third-party complaint, arguing that it was time-barred by NRS 41A.097, Nevada's statute of limitations for medical malpractice claims. LaTourette also argued that Sun Cab's underlying claims of equitable indemnity and contribution should be dismissed because, for various reasons, they failed as a matter of law. As an alternative ground for dismissal, LaTourette argued that Sun Cab had failed to attach an expert affidavit in support of its claims, as is required by NRS 41A.071 for medical malpractice complaints.

The district court ultimately concluded that Sun Cab's claims were time-barred by NRS 41A.097's medical malpractice statute of limitations. Consequently, the district court dismissed Sun Cab's complaint with prejudice and declined to address LaTourette's remaining arguments regarding the merits of Sun Cab's underlying claims and its failure to attach an expert affidavit. The dismissal order was certified as final under NRCP 54(b), and this appeal followed.

## DISCUSSION

After this appeal was filed but before briefing began, this court issued an opinion in *Saylor v. Arcotta*, 126 Nev. 92, 225 P.3d 1276 (2010). In *Saylor*, we clarified that "NRS 41A.097(2)'s limitations period does not apply to equitable indemnity and contribution claims," and that such claims are instead subject to the limitations periods laid out in NRS 11.190(2)(c) and NRS 17.285, respectively. *Id.* at 95, 225 P.3d at 1278-79.

Recognizing this distinction, Sun Cab contends on appeal that the district court's order to dismiss should be reversed, as Sun Cab's claims undisputedly were timely under NRS 11.190(2)(c) and NRS 17.285. LaTourette concedes that *Saylor* rendered the district court's reliance on NRS 41A.097 improper, but he contends that the district court's dismissal order can be affirmed based upon the alternative arguments he presented in district court. Namely, LaTourette argues that (1) the claim for equitable indemnity failed as a matter of law based on the lack of any preexisting relationship between the third parties and Sun Cab's active negligence; (2) the claim for contribution was premature, as there had been no payment toward a judgment; and (3) Sun Cab's failure to attach an expert affidavit warranted dismissal of its complaint.

### Standard of review

"[T]his court will affirm the order of the district court if it reached the correct result, albeit for different reasons." *Rosenstein v. Steele*, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987). Whether we can affirm the dismissal of Sun Cab's equitable indemnity and contribution claims based on their lack of legal merit is, in essence, an inquiry into whether Sun Cab has pleaded claims for which relief can be granted. *See* NRCP 12(b)(5). In considering an appeal from an order granting a motion to dismiss for failure to state a claim, this court applies a rigorous, de novo standard of review. *Shoen v. SAC Holding Corp.*, 122 Nev. 621, 634-35, 137 P.3d 1171, 1180 (2006). In our review, we accept the plaintiff's

factual allegations as true and then determine whether these allegations are legally sufficient to satisfy the elements of the claim asserted. *Id.*

Thus, we first consider the legal merits of Sun Cab's underlying claims for equitable indemnity and contribution. Next, we consider to what extent Sun Cab's failure to file an expert affidavit with its complaint warranted dismissal.

*Sun Cab failed to state a claim for equitable indemnity*

Sun Cab's third-party claim for equitable indemnity was essentially a demand that LaTourette reimburse Sun Cab for the damage it allegedly caused to Zinni in the car accident. This claim fails as a matter of law.

Equitable indemnity, which "allows a defendant to seek recovery from other potential tortfeasors," is generally available to remedy the situation in which the defendant, "who has committed no independent wrong, is held liable for the loss of a plaintiff caused by another party." *Rodriguez v. Primadonna Company*, 125 Nev. 578, 589, 216 P.3d 793, 801 (2009). Thus, Nevada's equitable indemnity law has long drawn a distinction between secondary and primary liability. " '[I]n order for one tortfeasor to be in a position of secondary responsibility vis-a-vis another tortfeasor, and thus be entitled to indemnification, there must be a preexisting legal relation between them, or some duty on the part of the primary tortfeasor to protect the secondary tortfeasor.' " *Doctors Company v. Vincent*, 120 Nev. 644, 654, 98 P.3d 681, 688 (2004) (quoting *Black & Decker v. Essex Group*, 105 Nev. 344, 346, 775 P.2d 698, 699-700 (1989)). Additionally, where a party has committed an "independent wrong," and is thus actively negligent, that party has no right to indemnity from other tortfeasors. *See Rodriguez*, 125 Nev. at 589, 216 P.3d at 801; *see also Doctors Company*, 120 Nev. at 658, 98 P.3d at 690.

Here, LaTourette had no preexisting legal relationship with or other duty to protect Sun Cab's interests, and Sun Cab's liability in the underlying litigation is admittedly based upon claims of its own active negligence in causing the car accident. Accordingly, we affirm the district court's dismissal of Sun Cab's equitable indemnity claim, as there was no preexisting relationship between the parties and because Sun Cab was allegedly actively negligent in causing the underlying injuries. *See Rodriguez*, 125 Nev. at 590, 216 P.3d at 802; *Doctors Company*, 120 Nev. at 658, 98 P.3d at 690.

*Sun Cab stated a claim for contribution*

Sun Cab's third-party contribution claim alleged that LaTourette exacerbated Zinni's injuries by negligently mistreating him after the car accident. Thus, by alleging that Sun Cab and LaTourette were joint tortfeasors in this regard, Sun Cab sufficiently pleaded a claim for contribution against LaTourette.

A right to contribution exists "where two or more persons become jointly or severally liable in tort for the same injury to [a] person . . . even though judgment has not been recovered against all or any of them." NRS 17.225(1). LaTourette, however, relies upon NRS 17.225(2), which states that a right to contribution "exists only in favor of a tortfeasor *who has paid* more than his or her equitable share of the common liability." (Emphasis added.) In other words, LaTourette contends that because Sun Cab had not yet "paid" Zinni more than its fair share of liability, the contribution claim was premature and should have been dismissed. We find this reasoning to be unpersuasive, as it squarely contradicts Nevada's Rules of Civil Procedure and several prior decisions of this court.

To begin, NRCP 14(a) provides that a third-party plaintiff may implead a third-party defendant based on an inchoate claim for contribution.[1] Specifically, NRCP 14(a) allows a third-party plaintiff to implead a third-party defendant "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim" at "any time after [the] commencement of the action." Under the federal analogue to NRCP 14(a), the phrase "may be liable" is meant to specifically provide for the possibility of joining a third-party defendant "against whom a cause of action has not yet accrued." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1451 (2010).

Moreover, we have repeatedly recognized that a third-party plaintiff has the right to seek contribution in an original action prior to entry of judgment. *See, e.g., Rodriguez,* 125 Nev. at 583, 216 P.3d at 797 (defendants asserted prejudgment claims for contribution or indemnity in the original action); *ANSE, Inc. v. Dist. Ct.,* 124 Nev. 862, 868-69, 192 P.3d 738, 742-43 (2008) (noting that a third-party plaintiff could seek contribution from a third-party defendant in the original action prior to entry of judgment). We have also interpreted NRS 17.285 as setting forth two methods for enforcing a claim of contribution: either by a separate action

---

[1]To the extent that our recent decision in *Lund v. Dist. Ct.,* 127 Nev. 358, 362-63, 255 P.3d 280, 283-84 (2011), may be misconstrued, we take this opportunity to clarify that NRCP 14(a) is available for claims of contribution as well as indemnity.

following entry of judgment or *"in the same action* in which [the] judgment is entered against two or more tortfeasors." *Bell & Gossett Co. v. Oak Grove Investors,* 108 Nev. 958, 963, 843 P.2d 351, 354 (1992) (emphasis added); *see* NRS 17.285(1), (2). Because this matter falls within the latter method, Sun Cab's claim for contribution was timely.

Accordingly, we conclude that Sun Cab's third-party claim for contribution was not premature, and thus, LaTourette's argument in this regard cannot serve as an alternative basis for affirming the district court's dismissal order.

*Sun Cab's failure to attach an expert affidavit warranted dismissal, but without prejudice*

[Headnote 9]

In the alternative, LaTourette argues that the district court reached the correct result in dismissing the contribution claim with prejudice based on Sun Cab's failure to attach an expert affidavit pursuant to NRS 41A.071. Sun Cab concedes that it did not attach an affidavit, but argues that the district court should have instead dismissed its complaint without prejudice. We agree with Sun Cab.

While this court has not yet considered the applicability of NRS 41A.071 to third-party claims for contribution, we have recognized that statutory limitations should apply to protect doctors from frivolous claims when a given action requires proof of malpractice before relief may be granted. *See Fierle v. Perez,* 125 Nev. 728, 738, 219 P.3d 906, 912 (2009) (applying the affidavit requirement to a claim of negligent supervision and explaining that malpractice statutes were intended "to extend the legislative shield that protects doctors from frivolous lawsuits"); *see also Truck Ins. Exchange v. Tetzlaff,* 683 F. Supp. 223, 224-26 (D. Nev. 1988) (concluding that a former mandatory prerequisite for bringing a medical malpractice action extended to indemnity actions grounded in alleged medical malpractice).

Here, Sun Cab's complaint rested upon the theory that LaTourette's negligence had contributed to Zinni's injuries. In other words, to establish a right to contribution, Sun Cab would have been required to establish that LaTourette committed medical malpractice. Thus, Sun Cab is required to satisfy the statutory prerequisites in place for a medical malpractice action before bringing its contribution claim. *Fierle,* 125 Nev. at 736-38, 219 P.3d at 911-12.

If a party fails to file an expert affidavit with his or her complaint in a medical malpractice action, the complaint is void ab initio and must be dismissed. *Washoe Med. Ctr. v. Dist. Ct.,* 122

Nev. 1298, 1304, 148 P.3d 790, 794 (2006) ("[A] medical malpractice complaint filed without a supporting medical expert affidavit is void ab initio, meaning it is of no force and effect. Because a complaint that does not comply with NRS 41A.071 is void ab initio, it does not legally exist . . . ." (footnote omitted)). Notably, dismissal on this basis must be made "without prejudice." NRS 41A.071.

Accordingly, because Sun Cab failed to attach an expert affidavit to its claim for contribution, the complaint in this regard was void ab initio and should have been dismissed without prejudice. *Id.*; *Washoe Med. Ctr.*, 122 Nev. at 1300, 148 P.3d at 792. Because the district court dismissed the contribution claim with prejudice, we reverse in part the district court's order.

## CONCLUSION

The district court properly dismissed Sun Cab's claim for equitable indemnity for failure to state a claim. However, the district court's dismissal of Sun Cab's contribution claim cannot be affirmed on that basis, as payment toward a judgment is not a prerequisite to filing a contribution claim. Although Sun Cab was required to attach an expert affidavit to the contribution claim because it alleged medical malpractice, failure to do so merely warranted dismissal without prejudice. Consequently, we affirm the district court's order, except to the extent that it dismissed with prejudice, and we remand this matter to the district court with instructions to enter an order dismissing this case without prejudice.

DOUGLAS and GIBBONS, JJ., concur.