# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEXANDER FALCONI; AND
BRITTANY AMES FALCONI,
Appellants,
vs.
THE NEVADA REAL ESTATE
DIVISION, AN ADMINISTRATIVE
AGENCY,
Respondent.

No. 64331

**FILED**

NOV 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order denying a petition for a writ of mandamus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellants assert that they sought to file an alternative dispute resolution (ADR) claim form with respondent Nevada Real Estate Division against their homeowners association (HOA) and requested that the Division waive the $50 filing fee and the arbitration or mediation fees. The Division allegedly declined to waive the fees and returned their claim form, unfiled. Appellants then petitioned the district court for a writ of mandamus through which they sought to direct the Division to waive the application and arbitration fees. The district court denied appellants' writ petition and denied a subsequent motion for reconsideration of that determination, although, in denying reconsideration, it modified certain legal conclusions contained in the order denying the writ petition. Appellants have now appealed the denial of their writ petition, arguing that, as indigent persons, they are entitled to a reduction in or the elimination of the Division's fees for the required ADR.

14-37619

This court reviews a district court's order granting or denying a writ petition for an abuse of discretion. *DR Partners v. Bd. of Cnty. Comm'rs*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000). "A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); *see* NRS 34.160. Such relief is only available when there is no plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170.

In the underlying case, to support their original writ petition, appellants provided the district court with what they alleged was the ADR claim form and an in forma pauperis motion that they had submitted to the Division. But the documents before this court on appeal provide no indication, other than appellants' bare allegations, that the ADR claim form was ever actually submitted to the Division, that it was in fact rejected by the Division based on appellants' failure to pay the required fees, or that the Division refused to grant appellants in forma pauperis status. Indeed, in the Division's opposition to appellants' motion for reconsideration, the Division notes that appellants failed to provide the district court with any documentation demonstrating that the Division denied appellants' requests. Thus, appellants failed to demonstrate that they had no speedy and adequate remedy available to them and that, as a result, the district court's extraordinary intervention was warranted. NRS 34.170; *cf. Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228-29, 88 P.3d 840, 844 (2004) (concluding, in resolving a petition for writ relief filed in this court, that petitioners have the burden of demonstrating that

extraordinary relief is warranted and that, when "essential information is left out of the petition and accompanying documentation," courts have no way of properly evaluating the petition). Under these circumstances, we conclude that the district court did not abuse its discretion in denying appellants' writ petition. *See DR Partners*, 116 Nev. at 621, 6 P.3d at 468; *Pack v. LaTourette*, 128 Nev. __, __, 277 P.3d 1246, 1248 (2012) (indicating that this court will affirm the judgment of the district court if the district court reached the right result, but for different reasons). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]We note, without commenting on the merits, that in opposing appellants' motion for reconsideration of the denial of their writ petition in the district court, the Division asserted that the ADR claim form appellants allegedly submitted to the Division does not appear to involve the "interpretation, application or enforcement" of any governing HOA documents, or the procedures used for "increasing, decreasing or imposing additional assessments," and thus, does not implicate mandatory ADR under NRS 38.310. Instead, the Division noted that appellants raised issues involving whether the HOA could charge interest on nonassessment related charges, whether the legal rate on assessments limits the interest charged by HOAs, whether unreasonable collection fees gave rise to violations of the Fair Debt Collection Practices Act, and whether the regulations setting arbitrary collection charge caps violate public policy.

cc: Hon. Elliott A. Sattler, District Judge
Alexander Falconi
Brittany Ames Falconi
Attorney General/Carson City
Attorney General/Las Vegas
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A