An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

ARMANDO MILLAN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
and
CHRISTINA MILLAN; AND SANTOS
RODRIGUEZ-CORTEZ,
Real Parties in Interest.

No. 66804

FILED

DEC 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus, or, alternatively, prohibition, challenges a district court order denying a motion to dismiss for failure to timely serve process and granting a motion to enlarge time in which to serve process.[1]

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition may be warranted when the district court exceeds its jurisdiction. NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev.

___

[1]The challenged order also grants real party in interest Rodriguez-Cortez's Motion for Failure to Join a Necessary Party. While we agree with petitioner's argument that real party in interest Millan is not obligated to name petitioner as a defendant in Millan's complaint, *see Humphries v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 312 P.3d 484, 490 (2013), it does not appear that Rodriguez-Cortez was seeking that relief or that the district court intended to afford that relief when it granted the motion.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40599

674, 677, 818 P.2d 849, 851 (1991). It is petitioner's burden to demonstrate that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered petitioner's arguments, we are not persuaded that our intervention is warranted. *Id.* In particular, because some of the factors set forth in *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. ___, ___, 245 P.3d 1198, 1201 (2010), and *Scrimer v. Eighth Judicial District Court*, 116 Nev. 507, 516, 998 P.2d 1190, 1195-96 (2000), support the district court's decision to grant the untimely motion to enlarge and to deny the motion to dismiss, the district court neither exceeded its jurisdiction nor arbitrarily or capriciously exercise its discretion. *Smith*, 107 Nev. at 677, 818 P.2d at 851; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *see Saavedra-Sandoval*, 126 Nev. at ___, 245 P.3d at 1200 (explaining that the good-cause determinations under NRCP 4(i) are within the district court's discretion).[2] Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Gibbons

_____, J.       _____, J.
Pickering                 Saitta

---

[2]Moreover, even if Rodriguez-Cortez lacked good cause for filing the untimely enlargement motion and for failing to timely serve process, dismissal of his third-party complaint would have been without prejudice. *See* NRCP 4(i). And given the applicable time limitations for the claims asserted in his complaint, *see Pack v. LaTourette*, 128 Nev. ___, ___, 277 P.3d 1246, 1249 (2012); *Saylor v. Arcotta*, 126 Nev. ___, ___, 225 P.3d 1276, 1278 (2010), Rodriguez-Cortez could have timely refiled his complaint.

cc: Hon. Rob Bare, District Judge
Barron & Pruitt, LLP
Kevin A. Sprenz
H3Law - Hansen Hale & Hansen
Law Offices of R.S. & Associates
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A