An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANCH BANKING AND TRUST COMPANY, SUCCESSOR-IN-INTEREST TO COLONIAL BANK BY ACQUISITION OF ASSETS FROM THE FDIC AS RECEIVER FOR COLONIAL BANK, A NORTH CAROLINA BANKING CORPORATION ORGANIZED AND IN GOOD STANDING UNDER THE LAWS OF THE STATE OF NORTH CAROLINA,
Appellant,
vs.
ANTHONY GIORDANO, AN INDIVIDUAL,
Respondent.

No. 63522

**FILED**

FEB 0 3 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

Appeal from a final district court order dismissing an action on a guaranty. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*FACTS AND PROCEDURAL HISTORY*

Branch Banking and Trust (BB&T) acquired a loan secured by real property and guaranteed by Anthony Giordano, who had waived all rights and defenses based on one-action and anti-deficiency laws. After the original borrower defaulted and Giordano failed to fulfill his guarantee obligations, BB&T filed a complaint for recovery, seeking, inter alia, judgment pursuant to NRS 40.495.

15-03636

Three days after filing its complaint, BB&T held a trustee's sale for the relevant property. Notably, BB&T failed to amend its complaint or make any application for a deficiency judgment within six months of the trustee's sale. Giordano then filed a motion to dismiss per NRCP 12(b)(5), which the district court granted based on BB&T's failure to comply with NRS 40.455. BB&T challenges the district court's decision, arguing that anti-deficiency protections do not apply when an obligee files a pre-foreclosure complaint under NRS 40.495(2) and then forecloses on the property before the district court awards a judgment under NRS 40.495(4)(b).

## DISCUSSION

This court reviews a district court's order granting a motion to dismiss for failure to state a claim under "a rigorous, de novo standard." *Pack v. LaTourette*, 128 Nev. ___, ___, 277 P.3d 1246, 1248 (2012). In reviewing the sufficiency of the claim, this court "accept[s] the plaintiff[']s factual allegations as true and then determine[s] whether these allegations are legally sufficient to satisfy the elements of the claim asserted." *Id.* at ___, 277 P.3d at 1248.

Generally, NRS 40.455 requires a party seeking a deficiency judgment to file an application with the court within six months after a trustee's sale. In *Lavi v. Branch Banking & Trust Company*, we held that waiver of the one-action rule does not waive anti-deficiency protections, and that those protections are available upon foreclosure, even when a separate action is brought under NRS 40.495(2).[1] *See* 130 Nev. ___, ___,

---

[1]Giordano's waiver of anti-deficiency protections is unenforceable. *See* NRS 40.453.

SUPREME COURT
OF
NEVADA



(O) 1947A

2

325 P.3d 1265, 1267-68 (2014). Additionally, NRS 40.495(3) specifically permits a guarantor to assert the anti-deficiency protections under NRS 40.451 to 40.4639 when an "obligee maintains an action to foreclose or otherwise enforce a mortgage or lean and the indebtedness or obligations secured thereby . . . ." Although we did not directly address NRS 40.495(4) in *Lavi*, we stated that the subsection could be harmonized with that case's outcome because it "does not deny applicability of the deficiency judgment defenses or the six-month deadline," but "governs the amount due from the guarantor . . . ." *See id.* at ___, 325 P.3d at 1268.

BB&T's failure to timely file its application for a deficiency judgment with the court per NRS 40.455 was fatal. That BB&T brought the action under NRS 40.495(2) does not change the outcome. Once BB&T completed the foreclosure sale, Giordano was entitled to raise anti-deficiency protections, including NRS 40.455, pursuant to NRS 40.495(3). As *Lavi* clarified, the Legislature's addition of NRS 40.495(4) has no effect on this analysis. Therefore, the district court did not err by granting Giordano's motion to dismiss.[2]

---

[2]We reject BB&T's alternative assertion that it is entitled to amend its complaint to comply with NRS 40.455. Despite BB&T's arguments to the contrary, NRS 40.430 does not incorporate the anti-deficiency statutes into its provisions, and therefore, NRS 40.435(2) is not applicable. Moreover, we do not believe that equity or justice requires an alternative outcome.

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Gloria Sturman, District Judge
Michael H. Singer, Settlement Judge
Sylvester & Polednak, Ltd.
Gordon Silver
Eighth District Court Clerk

