# IN THE SUPREME COURT OF THE STATE OF NEVADA

HONEYBADGERS HOLDINGS, LLC;
AND DOORITE HOLDINGS,
Appellants,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 72922

FILED

MAR 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

We conclude that the district court correctly determined that the HOA's foreclosure sale did not extinguish the first deed of trust, albeit for a different reason than that articulated by the district court.[2] *See Pack v. LaTourette*, 128 Nev. 264, 267, 277 P.3d 1246, 1248 (2012) (recognizing that this court will affirm the district court's judgment if the district court reached the right result, albeit for different reasons). In particular, the record demonstrates that respondent's predecessor tendered $2,300.85 to the HOA's agent, which undisputedly exceeded 9 months of assessments. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Respondent has argued on appeal that affirmance on alternative grounds is justified, and appellants have not indicated that doing so would be improper.

19-11577

plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

Although appellants contended in district court that (1) the tender was ineffective because it imposed conditions, (2) respondent's predecessor needed to record evidence of the tender, and (3) appellants' predecessor was protected as a bona fide purchaser, we recently rejected similar arguments.[3] *Id.* Accordingly, and albeit for an alternative reason, the district court correctly determined that appellants took title to the property subject to the first deed of trust.[4] We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.        _____, J.
Stiglich                                          Silver

---

[3]Appellants did not identify any condition that respondent's predecessor was not legally entitled to impose. *County of Clark v. Blanchard Construction Co.* is not contrary to *Bank of America*, as the tendering party in that case tendered less than the amount actually owed. 98 Nev. 488, 493, 653 P.2d 1217, 1221 (1982).

[4]In light of this disposition, we need not decide whether respondent was likewise entitled to summary judgment based on 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar).

cc: Chief Judge, Eighth Judicial District Court
The Law Office of Mike Beede, PLLC
Gerrard Cox & Larsen
Akerman LLP/Las Vegas
Fennemore Craig P.C./Reno
Arnold & Porter Kaye Scholer LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A