136 Nev., Advance Opinion 88

# IN THE SUPREME COURT OF THE STATE OF NEVADA

REPUBLIC SILVER STATE DISPOSAL, INC., A NEVADA CORPORATION, Appellant, vs. ANDREW M. CASH, M.D.; ANDREW M. CASH, M.D., P.C., A/K/A ANDREW MILLER CASH, M.D., P.C.; AND DESERT INSTITUTE OF SPINE CARE, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondents.

No. 78572



FILED

DEC 31 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY _____
CHIEF DEPUTY CLERK

Appeal from a district court summary judgment, certified as final under NRCP 54(b), on a complaint for contribution arising from a tort action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

*Reversed and remanded.*

Barron & Pruitt, LLP, and David Barron and John D. Barron, North Las Vegas; Lewis Roca Rothgerber Christie LLP and Daniel F. Polsenberg, Joel D. Henriod, and Abraham G. Smith, Las Vegas,
for Appellant.

McBride Hall and Robert C. McBride and Heather S. Hall, Las Vegas,
for Respondents.

BEFORE PICKERING, C.J., GIBBONS and STIGLICH, JJ.

SUPREME COURT
OF
NEVADA

(0) 1947A

20-47000

*OPINION*

By the Court, STIGLICH, J.:

When a tortfeasor settles with the plaintiff, may the tortfeasor then assert a claim for contribution against a doctor who allegedly caused new injuries in treating the original injury? We hold that the right of contribution exists when two parties are jointly or severally liable for the same injury. Whether the parties are joint or successive tortfeasors is not material, so long as both parties are liable for the injury for which contribution is sought. Because appellant Republic Silver State Disposal and respondent Dr. Andrew Cash were jointly or severally liable for the injuries Cash allegedly caused and Republic settled those claims, Republic may pursue an action for contribution against Cash. That Cash was not a defendant in the original suit that Republic settled does not impair Republic's right to seek contribution. Accordingly, the district court erred when it granted summary judgment on the ground that contribution is not available when the parties are successive tortfeasors, and we reverse.

*FACTS AND PROCEDURAL HISTORY*

Marie Gonzales was injured in an accident involving a truck driven by Republic's employee. Dr. Cash treated her original injury and allegedly caused further injuries. Although Gonzales sued Republic and its employee, she did not sue Cash or any other medical providers, and Republic did not file a third-party complaint. Gonzales and Republic settled Gonzales's claims for $2 million. The settlement agreement expressly discharged Gonzales's claims against her medical providers and reserved Republic's rights under the Uniform Contribution Among Tortfeasors Act (UCATA), 12 U.L.A. 201 (2008), *see* NRS 17.225-.305.

(O) 1947A

Within one year of settling the claims, Republic sued Cash, his company, and Desert Institute of Spine Care, LLC, for contribution.[1] Republic alleged that Cash committed malpractice and caused Gonzales new and different injuries from those sustained in the accident. Republic argued that it was entitled to seek contribution from Cash because the settlement discharged Gonzales's claims against him and imposed liabilities on Republic in excess of its equitable share. Cash argued that, pursuant to Republic's allegation of new and different injuries, he was a successive tortfeasor rather than a joint tortfeasor and that no right of contribution exists among successive tortfeasors.

The district court concluded that contribution was not available between successive tortfeasors and granted summary judgment to Cash. The district court also held that the settlement agreement extinguished the defendants' liability. Republic appeals.

## DISCUSSION

We review a district court's grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment under NRCP 56(c) was appropriate if the pleadings and other evidence on file, viewed in a light most favorable to Republic, demonstrated that Cash was entitled to judgment as a matter of law and that no genuine issue of material fact remained in dispute. *Id.* We review questions of law de novo. *Saylor v. Arcotta*, 126 Nev. 92, 95, 225 P.3d 1276, 1278 (2010).

---

[1]Republic raised other claims, which the district court dismissed, and sued other medical providers, who are no longer parties to this appeal.

(O) 1947A

"Contribution is a creature of statute" under Nevada law. *Doctors Co. v. Vincent*, 120 Nev. 644, 650, 98 P.3d 681, 686 (2004). Nevada has adopted the UCATA. *Russ v. Gen. Motors Corp.*, 111 Nev. 1431, 1436, 906 P.2d 718, 721 (1995). Under the UCATA, "where two or more persons become jointly or severally liable in tort for the same injury[,] . . . there is a right of contribution among them." NRS 17.225(1). Contribution permits "a tortfeasor who has paid more than his or her equitable share of the common liability" to recover the excess from a second tortfeasor, up to the amount of the second tortfeasor's "equitable share of the entire liability." NRS 17.225(2). A tortfeasor who settles with a claimant may recover contribution from another tortfeasor only if the settlement extinguishes the second tortfeasor's liability. NRS 17.225(3). Finally, a settling "tortfeasor's right of contribution is barred unless the tortfeasor has . . . [a]greed while action is pending against him or her to discharge the common liability and has within 1 year after the agreement paid the liability and commenced an action for contribution." NRS 17.285(4)(b).

A right of contribution is present where there is an injury for which two persons are jointly or severally liable, regardless of whether the tortious conduct may be characterized as successive. This court has repeatedly permitted contribution claims by original tortfeasors against doctors who subsequently negligently treat the original injury. *See, e.g., Pack v. LaTourette*, 128 Nev. 264, 269, 277 P.3d 1246, 1249 (2012); *Saylor*, 126 Nev. at 96, 225 P.3d at 1279. Other states have likewise upheld a right of contribution among successive tortfeasors under similar circumstances. *See Lutz v. Boltz*, 100 A.2d 647, 648 (Del. Super. Ct. 1953) ("[I]t is joint or several *liability*, rather than joint or concurring *negligence*, which determines the right of contribution."); *Lujan v. Healthsouth Rehab. Corp.*,

Supreme Court
of
Nevada

(O) 1947A

4

902 P.2d 1025, 1030 (N.M. 1995) ("Negligent treatment is thus a successive tort for which the original tortfeasor is jointly liable . . . . Although an original tortfeasor may be held liable for plaintiff's entire harm, a medical care provider who negligently aggravates the plaintiff's initial injuries is not jointly and severally liable for the entire harm, but is liable only for the additional harm caused by the negligent treatment." (citation omitted)); *Shadden v. Valley View Hosp.*, 915 P.2d 364, 368 (Okla. 1996) ("[T]he physician and original wrongdoer caused a 'single' injury, and were, therefore, jointly liable to the victim. This is so even though the physician can be said to be a successive tortfeasor, rather than a joint or concurrent one." (citation omitted)). While a right of contribution would not be present if a successive tortfeasor produced a *completely* independent injury, such is not the case here. *Cf. Gen. Accident Ins. Co. of Am. v. Schoendorf & Sorgi*, 549 N.W.2d 429, 431-32 (Wis. 1996) (distinguishing successive tortfeasors who were each solely liable for distinct injuries from "more common tort situations, such as a physical injury caused by one party which is then aggravated by a second party (malpractice by a treating doctor, for example)").

Republic argues that Cash was subject to a claim for contribution as a joint tortfeasor. We agree. "[I]t is well-settled law that the original tortfeasor is liable for the malpractice of the attending physicians." *Hansen v. Collett*, 79 Nev. 159, 165, 380 P.2d 301, 304 (1963); *see also* Restatement (Second) of Torts § 457 (Am. Law Inst. 1965). Subsequent medical providers, however, are not relieved of liability thereby for their own actions. Instead, both the original tortfeasor and the physicians are liable for injuries caused by malpractice and are "joint tortfeasors in this regard." *See Pack*, 128 Nev. at 269, 277 P.3d at 1249.

This court has permitted suits to go forward where an allegedly negligent driver, who faced liability both for the original accident and any subsequent medical malpractice, impleaded the doctor who caused the subsequent injuries on a theory of contribution. *Id.*; *Saylor*, 126 Nev. at 96, 225 P.3d at 1279. Here, Republic, as the original tortfeasor, was liable for Cash's malpractice in treating Gonzales's original injury. Cash was liable to Republic to the extent of the common liability in excess of Republic's equitable share of the liability. *See* NRS 17.225(1), (2). Accordingly, the district court erred in concluding that Cash was not subject to a right of contribution because he and Republic were successive tortfeasors.[2]

The disposition of Gonzales's claims by settlement between Republic and Gonzales does not impair the right of contribution in a subsequent suit by Republic against Cash. The UCATA expressly recognizes that a right of contribution can arise from a settlement between the injured plaintiff and one tortfeasor, so long as the settlement extinguishes the other tortfeasor's liability for the original tort. *Doctors Co.*, 120 Nev. at 652, 98 P.3d at 687; *see* NRS 17.225(3). The settlement agreement here plainly stated that it discharged any claims Gonzales may

---

[2]Cash's argument that joint liability cannot arise out of injuries that occur at different places and times is similarly mistaken. Cash misplaces his reliance on *Discount Tire Co. of Nevada, Inc. v. Fisher Sand & Gravel Co.*, Docket No. 69103 (Order of Affirmance, Apr. 14, 2017). *Discount Tire* was an unpublished order that noted that its parties were joint and not successive tortfeasors in the context of an equitable indemnity claim. *Cf.* NRAP 36(c)(2) (providing that unpublished dispositions are not controlling in unrelated cases). Equitable indemnity is not at issue here, *see Pack*, 128 Nev. at 268, 277 P.3d at 1249, and *Discount Tire* did not hold that contribution may not lie between successive tortfeasors.

have against a medical provider in this instance and thus extinguished Cash's liability to Gonzales. *See* NRS 17.225(3). Finally, Republic commenced its action for contribution within one year of the settlement. *See* NRS 17.285(4)(b). Viewing the evidence in the light most favorable to Republic, Republic was entitled to seek contribution, and the district court therefore erred in granting summary judgment to Cash on Republic's contribution claim.[3]

## CONCLUSION

The district court granted summary judgment on the grounds that Cash and Republic were successive and not joint tortfeasors and that a contribution claim may not lie between successive tortfeasors. This was error. The right of contribution exists when two or more parties are jointly or severally liable for the same injury and one pays more than its equitable share. Whether the tortfeasors are "joint" or "successive" is not material.

---

[3]Cash argues that the district court's order may stand because Gonzales equitably subrogated her claims to Republic, such that Republic would be limited by NRS 41A.035 (limiting the amount of noneconomic damages that may be awarded for professional negligence) and NRS 42.021 (governing collateral benefit evidence in professional negligence actions). Even assuming that Gonzales subrogated her claims, Cash does not cogently argue that summary judgment is warranted on this basis. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). And even if NRS 41A.035 or NRS 42.021 apply, neither supports upholding the order granting summary judgment against Republic. Further, Cash's claims that any damages ought to be limited by NRS 41A.035 and that he ought to be permitted to proffer collateral benefit evidence pursuant to NRS 42.021 are not ripe, since at this stage in the proceedings, no damages have been awarded and no evidence has been excluded. *See Herbst Gaming, Inc. v. Heller*, 122 Nev. 877, 887, 141 P.3d 1224, 1231 (2006) (explaining that a claim is not ripe when the alleged harm is speculative or hypothetical).

Republic may seek contribution from Cash. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____ , J.
Stiglich

We concur:

_____ , C.J.
Pickering

_____ , J.
Gibbons